UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, LEAGUE OF UNITED LATIN AMERICAN CITIZENS; NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE; TODD BLANCHE, in his official capacity as Attorney General; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security,

Defendants.

Case No. 5:26-cv-12800-TLT

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

# [PROPOSED] TEMPORARY RESTRAINING ORDER

The matter having come before the Court, the Court hereby finds that the Plaintiff labor unions that represent election workers and Plaintiff voter organizations[1] have established that irreparable injury to Plaintiffs and their members is likely in the absence of temporary injunctive relief, that Plaintiffs are likely to succeed on the merits of their claims; and that the balance of hardships and public interest weigh in favor of injunctive relief. Plaintiffs have therefore met their burden of establishing the need for extraordinary relief.

Specifically, as to the merits, Plaintiffs have established that Defendants' intimidation plan and implementing actions threatening state and local government elections workers with criminal prosecution likely violate Section 11(b) of Voting Rights Act of 1965, 52 U.S.C. §10307(b) and the United States Constitution's Elections Clause and Fifth and Tenth Amendments; that these actions are ultra vires; and that these actions are final agency actions within the meaning of the Administrative Procedure Act, are contrary to law and exceed constitutional and statutory authority, and are arbitrary and capricious. When state and local government employees perform the work of distributing, processing, or counting ballots or otherwise administering the 2026 midterm election in the manner required by their state and federal laws governing the administration of elections, they do not violate federal criminal law even if a particular ballot belongs to a registered voter alleged by Defendants to be ineligible to vote.

The Court therefore ORDERS that Defendants, as well as their officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B) (collectively, hereinafter, "Defendants"), are temporarily enjoined and stayed, including under 5 U.S.C. §705, from the following:

---

[1] Plaintiffs include Service Employees International Union, American Federation of State County and Municipal Employees, the League of United Latin American Citizens, and the National Associations for the Advancement of Colored People. SEIU and AFSCME represent state and local election workers across the country, and SEIU, LULAC, and NAACP represent millions of voters, including those likely to be on the Defendants' lists.

1. Defendants shall not threaten, intimidate or coerce state or local elections officials or workers to demand that they halt processing the ballots of any registered voter solely on the basis that the ballot belongs to an individual alleged by Defendants to be ineligible to vote;

2. Defendants shall not demand that any state or local election official (i) remove specific registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to specific registered voters; or (iii) segregate or otherwise not count any ballots cast by specific registered voters for the November 3, 2026 General Election, solely on the basis that the ballot belongs to an individual alleged by Defendants to be ineligible to vote;

3. Defendants shall not threaten state or local election officials and workers with criminal prosecution for failure to comply with such demands;

4. Defendants shall not threaten state or local election officials and workers with criminal prosecution for processing or counting ballots in the 2026 election in compliance with state and federal laws that govern election administration on the basis that a ballot belongs to an individual alleged by Defendants to be ineligible to vote.

The Court further ORDERS Defendants to inform any State, county, or any other local government to which any Defendant sent a letter regarding the processing and counting of ballots in the 2026 election and any list of individuals alleged by Defendants to be ineligible to vote that the demands and threats of prosecution to election officials and workers reflected in that letter have been enjoined.

The Court further ORDERS Defendant U.S. Department of Justice to inform the Court of any pending search warrant applications, grand jury subpoenas, or other demands to access election materials or ballots pertaining to any list of individuals alleged by Defendants to be ineligible to vote, or compel testimony related thereto.

This temporary restraining order shall remain in force for 14 days. Plaintiffs' preliminary injunction papers shall be due on _____________, 2026; Defendants' response shall be due on _________________, 2026; and Plaintiffs' optional reply shall be due on _____________, 2026. The Court will hold a preliminary injunction hearing on _________________, 2026.

**IT IS SO ORDERED.**

Dated: ______________________, 2026

___________________________________
The Honorable Trina L. Thompson
United States District Court Judge