United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al.,

Defendants.

Case No. 26-cv-12800-TLT

**ORDER DENYING DEFENDANTS' MOTION TO STAY TEMPORARY RESTRAINING ORDER, CLARIFICATION AND MODIFICATION OF THE OCTOBER 30, 2026 TEMPORARY RESTRAINING ORDER SUBSEQUENT TO ORAL ARGUMENT**

Re: Dkt. No. 33

The Court issues this Order for two purposes; (1) to **DENY** Defendants' motion to stay the Court's Temporary Restraining Order ("TRO") issued on October 30, 2026; and (2) to indicate the **MODIFICATIONS** this Court will make to its TRO.

As a preliminary matter, the Court finds Defendants' appeal of this Court's TRO premature. *Religious Tech. Ctr. v. Scott*, 869 F.2d 1306 (9th Cir. 1989) (denial of temporary restraining order is appealable only if the denial is tantamount to the denial of a preliminary injunction). Thus, this Court does not exceed its authority in modifying the TRO. *United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009). As noted in the hearing, and with the consent of both parties, the Court modifies the TRO to reflect an expiration date of November 13, 2026, at 5:00 p.m.

The Court will issue a written Order reflecting the Court's deliberations with respect to its findings regarding Plaintiffs' claims under Section 11(b) of the Voting Rights Act and claims for violations of principles of federalism under the Tenth Amendment and Elections Clause. In addition, the TRO will reflect changes identified below on or before November 6, 2026:

1. The Court finds that at least some Plaintiffs have established standing in this action. Defendants' conduct has left election workers with ongoing fear and concern about performing their ordinary duties fearing the risk of federal prosecution for failing to comply with the questionable lists of noncitizens created by Defendants with assistance from artificial intelligence. The Defendants conveyed that risk through direct notice or public statements concerning criminal liability. *See, e.g.*, ECF 19-1 ¶¶ 13–14; ECF 19-2 ¶ 17; ECF 19-3 ¶ 14; ECF 23 ¶¶ 23, 29, 34, 38–41; ECF 19-7 at 32, Exs. 4–14; ECF 29-2 ¶¶ 4, 6–7; ECF 29-4, ¶¶ 9–10 ; *see also* ECF 19-8 at 83 (serving a subpoena to an election worker at the workplace and then subsequently at home).
2. Plaintiffs are likely to succeed on their claim that Defendants' conduct violates the Administrative Procedures Act ("APA"). Defendants note that the Court did not address the APA claim in its earlier Order. However, despite the Court's supplemental question and the hearing on November 2, 2026, Defendants have not shown why their conduct did not violate the APA. Based on the record and the prior Order, the Court finds that Defendants are likely to violate Section 11(b) of the Voting Rights Act, the Elections Clause, and the Tenth Amendment, so Defendants' conduct is contrary to law. Defendants' conduct lacks statutory authority and is arbitrary and capricious, in part because of their departure from Justice Manual § 9-85.300.
3. Plaintiffs are likely to succeed in their claim that Defendants' conduct violates principles of Due Process under the Fifth Amendment because Defendants' conduct fundamentally undermines the integrity of the vote. *Bennett v. Yoshina*, 140 F.3d 1218, 1226 (9th Cir. 1998).
4. The relief, which requires Defendants to take affirmative steps, is not prohibited because Plaintiffs establish that the law and facts clearly favor their position. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)

Moreover, the Court **MODIFIES** paragraph 6 of the TRO to reflect the following relief:

*(6)* The Court further ORDERS Defendant U.S. Department of Justice to inform *the court before which criminal proceedings have commenced* of any pending search warrant applications, grand jury subpoenas, or other demands to access election materials or ballots pertaining to any list of individuals alleged by Defendants to be ineligible to vote, or compel testimony related thereto. *Such information shall be presented for in* camera *review along with a copy of the lists provided to the Registrar of Voters and/or any Election officials, administrators, or employees.*

The Court modifies the briefing schedule on Plaintiffs' request for a preliminary injunction as follows: Defendants' shall file an opposition to Plaintiffs' request by no later than **5:00 p.m. on Monday, November 9, 2026**. Plaintiffs' optional reply shall due on **November 10, 2026 by 5:00 p.m.** Absent a request from all parties, the hearing for the request for Preliminary Injunction is maintained for **November 13, 2026 at 11:00 a.m.**

Considering the filings and responses to this Court's written questions, and the questions presented at the hearing, the Court acknowledges that this matter has been thoroughly briefed and argued. The parties are invited to take Plaintiffs' request for the issuance of a preliminary injunction under submission based on the filings received by the Court to date. Should either party wish to offer any new arguments or evidence in support of or opposition to Plaintiffs' request for a preliminary injunction, that party shall notify the Court of their intent to do so. Each party shall notify the Court of their intent to either (1) submit on the preliminary injunction request or (2) offer new evidence or arguments by no later than November 4, 2026, at 9:00 a.m.

*Written Order to follow.*

Again, this order expires on November 13, 2026, at 5:00 p.m.

IT IS SO ORDERED.

Dated: November 2, 2026

TRINA L. THOMPSON
United States District Judge