United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al.,

Defendants.

Case No. 26-cv-12800-TLT

**ORDER RE: JURISDICTION OVER PLAINTIFFS' MOTION FOR MODIFICATION OF THE TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**

Re: Dkt. No. 76

*To make it hard, to make it difficult, almost impossible, for people to cast a vote is not in keeping with the democratic process.*

\- John Lewis.

## I. INTRODUCTION

We are all invested in a congressionally endorsed process that is premised on integrity. Nothing is gained by rushing to judgment.

On November 3, 2026, the Ninth Circuit reinstated its November 2, 2026 order. *See* 26-7303, ECF 32, 39. The Ninth Circuit determined that this Court lacks jurisdiction to modify its Temporary Restraining Order (TRO). *Id.* ECF 24.1 at 2.

Accordingly, the Ninth Circuit granted Defendants' motion to **STAY** the TRO. *Id.* Until further notice from the Ninth Circuit, the Court stays the current proceeding. The hearing set for November 13, 2026, is hereby **VACATED**.

The parties are excused from the briefing schedule set by this Court in ECF 63. Plaintiffs' extension request is denied as moot. ECF 76.

## II. PROCEDURAL HISTORY

This action commenced on October 29, 2026, five calendar days prior to the 2026 election.

ECF 1. This matter was initially assigned to Judge P. Casey Pitts who filed an order of recusal on October 30, 2026. ECF 9. Thereafter, the matter was reassigned to the undersigned Judge. ECF 12. Shortly after reassignment, this Court issued a referral to determine whether this action relates to *California Nurses Association et al. v. Mullin et al*., 26-cv-10680-AMO. ECF 16. The matters were found not to be related. ECF 25.

Late Friday afternoon, on October 30, 2026 (four days before the 2026 election), Plaintiffs filed the Motion for TRO, requesting urgent relief. ECF 17. Less than two hours after Plaintiffs' filing, this Court granted Plaintiffs' motion and held that Defendants' actions likely violate Section 11(b) of the Voting Rights Act and the Election Clauses of the U.S. Constitution, have caused and continue to cause irreparable harm to election workers in the absence of a TRO, and that "the public has a paramount interest in ensuring that election officials and workers are able to carry out their work" on the approaching Election Day. ECF 26 ("October 30, 2026 order").

The next day, Defendants filed a notice of intent to seek modification or dissolution of the TRO or, alternatively, appellate review, of the October 30, 2026 order. ECF 30. Later that day, Defendants filed a notice of appeal. ECF 31. On November 1, 2026, Defendants filed an *ex parte* motion to stay or dissolve the October 30, 2026 order. ECF 33. The Court chose to set a hearing on Defendants' motion for November 2, 2026. ECF 35. In addition to their *ex parte* motion, Defendants concurrently filed a Motion to Stay before the Ninth Circuit. 26-7303, ECF 9.

Based upon Defendants' *ex parte* motion in this Court, the Court provided some clarity as to the scope of the TRO and issued questions for the following day's hearing. ECF 37. The parties submitted responses to the Court's questions at or around 10:00 a.m. on November 2, 2026. ECF 46–47. The Court held a hearing on November 2, 2026, around 11:30 a.m., which lasted 90 minutes. ECF 56.

At approximately 6:25 p.m. on Monday, November 2, 2026, the Court issued an order denying Defendants' request to stay the TRO and notifying the parties of the clarifications the Court would provide in its modified TRO. ECF 63 ("November 2, 2026 order"). In the November 2, 2026 order, the Court found that at least some Plaintiffs have standing, Defendants' conduct likely violates the Administrative Procedure Act and the Fifth Amendment, and the relief

sought is not prohibited. ECF 63. The Court also modified paragraph 6 regarding the relief granted in its initial order. *Id*. The Court further modified the briefing schedule related to Plaintiffs' request for the issuance of a preliminary injunction. *Id*. The preliminary injunction hearing date of November 13, 2026, remained unchanged. ECF 22, 62.

At approximately 8:00 p.m. on November 2, 2026, the Court was notified that a three-judge panel of the Ninth Circuit granted Defendants' Motion to Stay. 26-7303, ECF 24. Subsequently, Plaintiffs filed a petition for rehearing en banc. *Id*. ECF 28. Later that evening, the Ninth Circuit ordered rehearing en banc and vacated the three-judge panel's order. *Id*. ECF 31.

The next day, during the election on November 3, 2026, a majority of the en banc Ninth Circuit panel voted to reinstate the three-judge panel's order. *Id*. ECF 32. Shortly thereafter, Plaintiffs filed a petition for full court en banc rehearing, which was denied. *Id*. ECF 35, 39.

On November 4, 2026, pursuant to this Court's November 2, 2026 order, Plaintiffs request a short extension of a 9:00 a.m. deadline for the parties to "notify the Court of their intent to either (1) submit on the preliminary injunction request or (2) offer new evidence or arguments." ECF 63, 76.

## III. DISCUSSION

An appeal divests a trial court "of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (citation omitted). In the typical case, a district court "retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). And there is ample authority explaining that district courts can proceed with a case while an appeal of a preliminary injunction is pending. *See Mayweathers v. Newland*, 258 F.3d 930, 935–36 (9th Cir. 2001); *Adams v. City of Chicago*, 135 F.3d 1150, 1153 (7th Cir. 1998).

Presently, Defendants appealed a temporary restraining order while the final written order was pending. The Ninth Circuit is still considering the merits of Plaintiffs' arguments as to the TRO, and those merits are inextricably tied to the proceedings in this Court. Given the unique procedural posture and the parallel tracks of the case, addressed above, the Court defers to the Ninth Circuit's ruling at this time. 26-7303, ECF 32, 39. Though the Ninth Circuit offered an

initial interpretation of the Voting Rights Act in its stay order, the Court expects more specific guidance to be forthcoming. For this Court to proceed with Plaintiffs' preliminary injunction motion at this time would risk "attempt[ing] to assert jurisdiction over a case simultaneously" with the Ninth Circuit. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

**IV. CONCLUSION:**

Plaintiffs are not without a forum in which they can seek relief. Because the Courts of Appeal have authority to issue injunctions under Federal Rule of Civil Procedure 62(g)(2), Plaintiffs can move for an injunction before the Ninth Circuit. *See* Fed. R. App. P. 27; *see also* Ninth Cir. R. 27-3 (emergency motions). If the Ninth Circuit determines that the Court should proceed with determining whether Plaintiffs are entitled to preliminary injunctive relief at this time, the Court will lift its stay.

Until the Ninth Circuit makes that plain, this Court will not infringe on the Ninth Circuit's appellate jurisdiction.

For the foregoing reasons, the Court **STAYS** all proceedings related to Plaintiffs' motion for a preliminary injunction until further order.

IT IS SO ORDERED.

Dated: November 4, 2026

TRINA L. THOMPSON
United States District Judge